The Honorable Kathy Webb State Representative Post Office Box 251018 Little Rock, Arkansas 72225-1018
Dear Representative Webb:
I am writing in response to your request for an opinion concerning a newly marked product called "e-cigs." You report that one manufacturer has described e-cigs as "a fantastic alternative to traditional cigarettes [that] can be legally smoked in bars, restaurants, and the work place." Your specific questions are as follows:
 1. Does the Arkansas Clean Indoor Air Act regulate where this type of nicotine injection system may be used?
 2. Are e-cigs subject to the same tax requirements as other tobacco products?
RESPONSE
The answer to both of your questions is "no," in my opinion.
Question 1 — Does the Arkansas Clean Indoor Air Act regulate wherethis type of nicotine injection system may be used?
An "e-cig," or "electronic cigarette," is a device that is described by the online encyclopedia Wikipedia as follows:
 An electronic cigarette or "e-cigarette" is an alternative to smoked tobacco products, such as cigarettes, cigars, or pipes. It is a battery-powered device that provides inhaled doses of nicotine by delivering *Page 2 
a vaporized propylene glycol/nicotine solution. In addition to nicotine delivery, this vapor also provides a flavor and physical sensation similar to that of inhaled tobacco smoke, while no tobacco, smoke, or combustion is actually involved in its operation.
"Electronic cigarette," Wikipedia, The Free Encyclopedia,http://en.wikipedia. org/wili/E-cigarettes (last visited June 23, 2009).
According to this description, e-cigarettes vaporize nicotine through the use of a battery. Although nicotine presumably is extracted from the tobacco plant for use in e-cigs, it appears that tobacco and tobacco smoke are not actually involved in the operation of these devices.[1]
In my opinion, e-cigarettes consequently are not covered by the Arkansas Clean Indoor Air Act, which is codified at A.C.A. §§ 20-27-1801 — 1809 (Supp. 2007). As reflected by the following section, this act is aimed at prohibiting tobacco usage in certain public places so as to reduce secondhand smoke exposure:
 (1) Information available to the General Assembly based upon scientific research data has shown that nonsmokers often receive damage to their health from the smoking of tobacco by others;
 (2) Direct smoking of tobacco and indirect smoking of tobacco through inhaling the smoke of those who are smoking nearby are major causes of preventable diseases and death;
 (3) Secondhand smoke is a known cause of lung cancer, heart disease, chronic lung ailments such as bronchitis and asthma, particularly in children, and low birth-weight births;
 (4) Implementing laws that prohibit tobacco usage in certain public areas, buildings, and facilities is an effective approach to reducing secondhand smoke exposure among nonsmokers; and *Page 3 
 (5) It is therefore declared to be the public policy of this state that the rights of Arkansans be protected in the manner provided in this subchapter.
A.C.A. § 20-27-1802 (emphasis added).
For purposes of your question, it is sufficient to note that the Arkansas Clean Indoor Air Act establishes "prohibitions on smoking." A.C.A. §20-27-1804(b)(3). Because I have concluded that these prohibitions do not apply in connection with e-cigarettes, I will not recount them but instead refer you to A.C.A. § 20-27-1804 and the definitional section — §20-27-1803 — for that information. The answer to your question turns, in my opinion, on the act's definitions of "smoking" and "secondhand smoke," to wit:
 "Secondhand smoke" means smoke:
 (A) Emitted from lighted, smoldering, or burning tobacco when the person smoking is not inhaling;
 (B) Emitted at the mouthpiece during puff drawing; and
 (C) Exhaled by the person smoking[.]
A.C.A. § 20-27-1803(13).
 "Smoking" means inhaling, exhaling, burning, or carrying any:
 (A) Lighted tobacco product, including cigarettes, cigars, and pipe tobacco; and
 (B) Other lighted combustible plant material[.]
Id. at (16).
Because no smoke is emitted when an e-cigarette is used, and an e-cig does not involve any lighted tobacco product or any other lighted plant material, I must conclude that the answer to your first question is "no." The Arkansas Clean Indoor Air Act does not regulate where this type of nicotine injection system may be used. *Page 4 
Question 2 — Are e-cigs subject to the same tax requirements as othertobacco products?
As noted above, tobacco is not actually involved in the operation of e-cigs. This effectively removes them from the tax requirements applicable to tobacco products. These requirements are set forth in Arkansas Code Title 26, Chapter 57, Subchapters 2, 8, and 11 (Repl. 1997 and Supp. 2007). These laws levy taxes on cigarettes and other tobacco products. A.C.A. §§ 26-57-208(Supp. 2007); 26-57-801 — 805 (Repl. 1997 and Supp. 2007); 26-57-1101 — 1102 (Supp. 2007). The terms "cigarette" and "tobacco products" are defined as follows for purposes of these laws:
 "Cigarette" means any roll of tobacco wrapped in:
 (A) Paper or in any substance not containing tobacco; or
 (B) Any substance containing tobacco that, because of its appearance, the type of tobacco used in the filler, or its packaging and labeling is likely to be offered to or purchased by consumers as a cigarette;
A.C.A. § 26-57-203(3) (Supp. 2007) (emphasis added).[2]
 "Tobacco products" means all products containing tobacco for consumption and includes, but is not limited to, cigarettes, cigars, little cigars, cigarillos, chewing tobacco, smokeless tobacco, snuff, smoking tobacco, including pipe tobacco, and smoking tobacco substitutes[.]
Id. at (16) (emphasis added).[3] *Page 5 
I believe it is clear from these definitions that the tax requirements apply to products containing tobacco. Accordingly, the answer to your second question is "no," based on my understanding of how an "e-cigarette" operates.
Deputy Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General
DM:EAW/cyh
[1] Nicotine is a naturally occurring chemical in the tobacco plant.Random House Webster's Unabridged Dictionary 1298 (2d ed., 1998) (defining nicotine as "a colorless, oily, water-soluble, highly toxic, liquid alkaloid . . . found in tobacco. . . .").
[2] Section 26-57-203 was amended by Act 785 of 2009, but the amendment is not material to this opinion.
[3] "Cigar" is defined as "any roll of tobacco wrapped in leaf tobacco or in any substance containing tobacco, other than any roll of tobacco that is a cigarette under subdivision (3) of this section[.]" A.C.A. § 26-57-203(2) (Supp. 2007).

 *Page 1